OPINION
Petitioner-appellant, Janet M. Williams, appeals the judgment of the Hamilton County Court of Common Pleas, Probate Division, denying her application to change the name of a minor child. For the following reasons, we reverse the judgment of the probate court.
Williams and respondent-appellee, Guy L. Willhite, were married in 1990. Williams took Willhite's surname, and the parties had one child, Elli Christine Willhite, in 1993. Pursuant to the parties' divorce decree entered in September 1995, Williams was restored to her maiden name.
In August 1996, Williams filed a petition in the probate court seeking to have the child's name changed to Elli Christine Williams-Willhite. The probate court denied the petition, and this court affirmed that judgment.[1] The Supreme Court of Ohio reversed this court's decision and remanded the cause to the probate court for "disposition" in accordance with its opinion.[2]
Following remand, the probate court conducted a new hearing on the petition. In August 1999, the probate court journalized an entry in which it again denied the petition. Williams then filed the instant appeal.
In her sole assignment of error, Williams contends that the probate court erred in denying the petition. We agree.
When deciding whether to permit a name change of a minor child, the trial court, with due consideration for the best interest of the child, must determine if reasonable and proper cause for the change has been established.[3] To determine whether the name change is in the child's best interest, the court should consider the following factors:
 the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; and any other factor relevant to the child's best interest.[4]
Although the Supreme Court of Ohio remanded the instant cause for "disposition consistent with [its] opinion" instead of entering final judgment in favor of Williams,[5] it is evident from the court's opinion that it intended for the name change to be effected based on the facts as adduced at the first hearing on the petition. In discussing the evidence adduced at that hearing, the court stated the following:
 Equally important, with the name addition, Williams seeks to avoid the confusion so prevalent with having a mother and child in the same household with two different surnames. * * * A combined surname is a solution that recognizes each parent's legitimate claims and threatens neither parent's rights. The name merely represents the truth that both parents created the child and that both parents have responsibility for that child.[6]
Given the supreme court's characterization of the hyphenated name as the "solution" in the case at bar, we hold that a new hearing was not required on remand. Rather, the mandate on remand was for an entry effectuating the name change. This conclusion is reinforced by the court's remand of the cause for "disposition" rather than for a new hearing or for further proceedings.
Moreover, even if we have misconstrued the import of the supreme court's remand order, we must conclude that its pronouncements on the issues require reversal on the facts as presented in the second hearing on the petition. Applying the supreme court's standards as stated in Willhite, we hold that the name change is in the child's best interest for the reasons expressed in Justice Lundberg Stratton's opinion. Accordingly, the judgment of the probate court is reversed, and final judgment is entered in favor of Williams.
Judgment accordingly.
 _________________________________________________ HILDEBRANDT, Presiding Judge.
 DOAN and PAINTER, JJ., concur.
[1] See In re Willhite (Oct. 29, 1997), Hamilton App. No. C-970122, unreported.
[2] In re Willhite (1999), 85 Ohio St.3d 28, 706 N.E.2d 778.
[3] Id., paragraph two of the syllabus.
[4] Id., following Bobo v. Jewell (1988), 38 Ohio St.3d 330,528 N.E.2d 180, paragraph two of the syllabus, and In re Change ofName of Andrews (1990), 235 Neb. 170, 454 N.W.2d 488.
[5] Id. at 33, 706 N.E.2d at 783.
[6] Id.